**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| TIMOTHY STREM, | No.   17-56709 |
| Plaintiff-Appellant, | D.C. No. 3:15-cv-02120-KSC-JMA |
| v. | |
| COUNTY OF SAN DIEGO; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Karen S. Crawford, Magistrate Judge, Presiding

Argued and Submitted February 27, 2019
Southwestern Law School, Los Angeles, California

Before:  THOMAS, Chief Judge, HAWKINS, Circuit Judge, and PREGERSON,[**] District Judge.

Timothy Strem ("Strem") brought an action against San Diego County Sheriff's Deputies Vernon Willis and Peter Myers (together, the "Deputies") and the County of San Diego (the "County") under 42 U.S.C. § 1983, alleging the Deputies used

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Dean D. Pregerson, United States District Judge for the Central District of California, sitting by designation.

excessive force in violation of the Fourth Amendment by tackling him and handcuffing his hands behind his back when responding to a 911 caller's report that Strem was suicidal and armed with a gun. Strem appeals the grant of summary judgment in the defendants' favor on qualified immunity grounds.[1] We have jurisdiction under 28 U.S.C. § 1291 and affirm.

Under these circumstances, bringing Strem to the ground and handcuffing him was a reasonable way of overcoming Strem's resistance and ensuring the Deputies'—and Strem's—safety. *See Jackson v. City of Bremerton*, 268 F.3d 646, 650–53 (9th Cir. 2001) (officer did not use excessive force by pushing an unresisting, unarmed suspect to the ground, kneeling on her back, and handcuffing her, notwithstanding her complaints of prior injuries, because the suspect's conduct potentially threatened the officer's safety). The Deputies did not violate Strem's constitutional rights.

**AFFIRMED.**

---

[1]Strem challenges the grant of summary judgment as it pertains to the Deputies, but not to the County.